■ B.D. COOKE & PARTNERS LIMITED, as Assignee of CITIZENS CASUALTY COMPANY OF NEW YORK (IN LIQUIDATION), Respondent-Appellant, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant-Respondent. [791 NYS2d 103]—

Orders, Supreme Court, New York County (Richard B. Lowe, III, J.), entered October 15, 2003 and July 2, 2004, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for summary judgment to the extent of dismissing all but the sixth affirmative defense asserting a right to an offset pursuant to Insurance Law § 7427, unanimously modified, on the law, the remaining affirmative defense dismissed, and otherwise affirmed, without costs.

In this action arising out of plaintiff's effort to collect certain monies owed to the estate of Citizens, a liquidated reinsurer, the motion court properly found that the judicially approved petition to close the liquidation, and the liquidator's assignment to plaintiff upon which it was predicated, were unambiguous in providing that plaintiff's entitlement to reinsurance recoverables was not to be limited by the closing of said estate. However, the court should also have found that the liquidation

order further provides that the claims defendant asserts by the remaining affirmative defense refer to alleged offsets that did not survive the liquidation proceeding. All such claims, indeed all of defendant's claims against the estate, were to be either asserted and adjudicated in the liquidation proceeding or thereafter barred. Thus, they did not encumber the subsequent assignment to plaintiff (*see Matter of Lawyers Mtge. Co.*, 169 Misc 802, 821 [1938], *affd* 256 App Div 974 [1939]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Saxe, J.P., Friedman, Sullivan, Nardelli and Williams, JJ.